TRACY & STILWELL, P.C.
Attorneys for Defendants and Third Party Plaintiffs
GILBERT S. LEDERMAN, M.D. and GILBERT
LEDERMAN, M.D., P.C.
1688 Victory Boulevard
Staten Island, New York 10314
Telephone No.: (718) 720-7000

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
UNITED STATES OF AMERICA, *ex rel.*,
ELIZABETH M. RYAN,

     Plaintiffs,

 -against-



STATEN ISLAND UNIVERSITY HOSPITAL, GILBERT
S. LEDERMAN, GILBERT LEDERMAN, M.D., P.C. and
PHILIP JAY SILVERMAN,

     Defendants.
-------------------------------------------------------------------X
GILBERT S. LEDERMAN and GILBERT S. LEDERMAN,
M.D.,P.C.,

     Defendants/Third Party Plaintiffs,

 -against-

REGENCY ALLIANCE SERVICES, INC., and
PHYSICIANS MANAGEMENT GROUP, a Subsidiary
of INTERPRO MANAGEMENT, INC.,

     Third-Party Defendants.
-------------------------------------------------------------------X

**CASE NO.: 04-CV-2483**

**ECF CASE**

**THIRD-PARTY COMPLAINT**

  Pursuant to Rule 14 of the Federal Rules of Civil Procedure, Defendants and Third-Party Plaintiffs, GILBERT S. LEDERMAN and GILBERT LEDERMAN, M.D., P.C., by their attorneys,

assert this Third-Party Complaint against Third-Party Defendants, REGENCY ALLIANCE SERVICES, INC. (REGENCY) and PHYSICIANS MANAGEMENT GROUP a Subsidiary of INTERPRO MANAGEMENT, INC., (INTERPRO PMG) as a domestic corporation limited liability company and a foreign business corporation, respectively, alleging in support as follows:

1. This civil action was commenced by Plaintiffs, UNITED STATES OF AMERICA and ELIZABETH M. RYAN as set forth in the Complaint, a copy of which is attached as Exhibit A.

2. This is a third-party action predicated upon among other claims of damages alleged in the Complaint for unjust enrichment and payment under a mistake of fact as against GILBERT S. LEDERMAN, M.D. and GILBERT LEDERMAN, M.D.,P.C. in connection with radiation treatment of cancer.

## FIRST PARTY ACTION

3. At all times hereinafter mentioned, plaintiffs are UNITED STATES OF AMERICA, which sues on behalf of CMS, an agency and instrumentality of the United States which administers the Medicare Program, and Relator, ELIZABETH M. RYAN, a resident of Florida.

4. At all times hereinafter mentioned, defendant and third-party plaintiffs, GILBERT S. LEDERMAN, M.D. and GILBERT LEDERMAN, M.D., P.C. are residents of Staten Island, New York and a New York corporation duly authorized to conduct business in the State of New York, with a principal place of business in Staten Island, New York.

5. At all times hereinafter mentioned, third-party defendant, REGENCY ALLIANCE SERVICES, INC. was and is duly organized and existing under the laws of the State of New York.

6. At all times hereinafter mentioned, third-party defendant, INTERPRO MANAGEMENT, INC. is a foreign corporation duly organized and existing under the laws of the State of Maryland.

7. At all relevant times PHYSICIANS MANAGEMENT GROUP, third-party defendant was a wholly owned subsidiary of INTERPRO MANAGEMENT, INC. and was also known as INTERPRO PMG.

8. At all times hereinafter mentioned, third-party defendant, INTERPRO PMG transacted business in the State of New York.

9. At all times hereinafter mentioned, third–party defendant, INTERPRO PMG was a limited liability company duly organized and existing under the laws of the State of Maryland.

10. At all times hereinafter mentioned, third-party defendant, INTERPRO PMG was a partnership duly organized and existing under the laws of the State of Maryland.

11. At all times hereinafter mentioned, third-party defendant, INTERPRO PMG was a sole proprietorship duly organized and existing under the laws of the State of Maryland.

12. At all times hereinafter mentioned, third-party defendant, INTERPRO PMG. expected the transaction of business within the State of New York to have consequences in the State of New York.

13. At all times hereinafter mentioned, third-party defendant, INTERPRO PMG derived substantial revenue from business and commerce that it transacted within the State of New York.

14. At all times hereinafter mentioned, third-party defendant, INTERPRO PMG supplied and provided goods or services within the State of New York.

15. At all times hereinafter mentioned, third-party defendant, INTERPRO PMG contracted to supply and provide goods or services within the State of New York.

16. Upon information and belief and at all times hereinafter mentioned, third-party defendant, INTERPRO PMG derived and continues to derive substantial business and solicits

business within the State of New York.

17. At all times hereinafter mentioned, third-party defendant, INTERPRO PMG should reasonably have expected its acts to have consequences in the State of New York.

18. Upon information and belief, and at all times hereinafter mentioned, third-party defendant, INTERPRO PMG derives substantial revenue from interstate or international commerce.

**JURISDICTION**

19. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as the instant action contains claims that are so related to the first-party action, within such original jurisdiction of this Court, that they form a part of the same case or controversy under Article III of the United States Constitution.

20. This is an action arising out of alleged false and/or fraudulent claims submitted or caused to be submitted by defendants for Medicare reimbursement of radiation treatment of cancer in purported violation of the False Claims Act, 31 U.S.C. Section 3729-3733 and at common law. The claims that were submitted to Medicare were submitted by third party defendants, REGENCY and third party defendant, INTERPRO PMG on behalf of defendants and third-party plaintiffs, GILBERT S. LEDERMAN, M.D. and GILBERT LEDERMAN, M.D.P.C.

21. Attached to this Third-Party Complaint as Exhibit 1 is a copy of the Plaintiffs' Summons and Complaint and incorporated without admitting the truth of any of the allegations, and without prejudice to the interests of the defendants and third-party plaintiffs. A copy of the Answer on behalf of the defendants GILBERT S. LEDERMAN, M.D. and GILBERT S. LEDERMAN, M.D., P.C. is attached as Exhibit 2.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST THIRD-PARTY DEFENDANTS, REGENCY AND INTERPRO PMG

22. Defendants and third-party plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs 1 through 21 of this third-party complaint with the same force and effect as if more fully set forth at length.

23. Upon information and belief, if the plaintiff sustained damages as indicated in the complaint, all of which have been denied by the defendants and third-party plaintiffs, then such damages were caused in whole or in part by the negligence, culpable conduct, and incorrect or improper billing and coding by the third-party defendants, REGENCY and INTERPRO PMG as coding and billing experts working for defendants and third-party plaintiffs.

24. By reason of the foregoing, the third-party defendants, REGENCY and INTERPRO PMG as coding and billing experts, are or will be liable to the defendants and the third-party plaintiffs for common law indemnification and judgment over and for contribution in the full amount of any recovery by the plaintiffs against the defendants and third-party plaintiffs or for the portion caused by the relative responsibility of the third-party defendants, REGENCY and INTERPRO PMG including all damages, costs, disbursements and attorneys' fees with respect to this action.

25. If any judgment is rendered against the defendants and third-party plaintiffs, then the liability, verdict and/or judgment will have been brought about by the negligence, culpable conduct and incorrect or improper billing and coding by the third-party defendants.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST THIRD-PARTY DEFENDANT, REGENCY

26. Defendants and third-party plaintiffs repeat, reiterate, and re-allege each and every allegation contained in paragraphs 1 through 25 of this third-party complaint, with the same force

and effect as if set forth at length.

27. Prior to the date of the occurrence which forms that basis of the plaintiffs' action, upon information and belief, defendants and third-party plaintiffs, GILBERT S. LEDERMAN, M.D. and GILBERT LEDERMAN, M.D., P.C., their agents, servants and/or employees entered into contracts and/or agreements with the third-party defendant, REGENCY in which third-party defendant agreed to defend, hold harmless and indemnify defendants and third-party plaintiffs, GILBERT S. LEDERMAN, M.D. and GILBERT LEDERMAN, M.D., P.C. from each and every act or omission or commission which formed the basis of any claim by a third-party against defendant and third-party plaintiffs, relative to the subject matter.

28. If the plaintiffs' injuries and/or damages were sustained as alleged in the plaintiffs' complaint, then pursuant to the contracts and/or agreements, the third-party defendant, REGENCY is obligated to defend, indemnify and hold harmless defendants and third-party plaintiffs pursuant to the terms, including all costs, disbursements and attorneys fees.

29. If the plaintiffs' injuries and/or damages were sustained as alleged in the plaintiffs' complaint, the defendants and third-party plaintiffs will be damaged and entitled to defense and indemnification from the third–party defendant, REGENCY ALLIANCE SERVICES, INC. including for the legal expenses and costs incurred in defending against the plaintiffs' claims and for pursuing this third-party action.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST THIRD-PARTY DEFENDANT, INTERPRO PMG

30. Defendants and third-party plaintiffs repeat, reiterate and re-allege each and every

allegation contained in paragraphs 1 through 29 of this third-party complaint, with the same force and effect as if set forth at length.

31. Prior to this complaint and prior to the date of the occurrence which forms that basis of the plaintiffs' action, upon information and belief, defendants and third-party plaintiffs, GILBERT S. LEDERMAN, M.D. and GILBERT LEDERMAN, M.D.P.C., their agents, servants, and/or employees entered into contracts and/or agreements with the third-party defendant, INTERPRO PMG in which third-party defendant agreed to defend, hold harmless, and indemnify defendants and third-party plaintiffs, GILBERT S. LEDERMAN, M..D. and GILBERT LEDERMAN, M.D.P.C. from each and every act or omission or commission which formed the basis of any claim by a third-party against defendant and third-party plaintiffs relative to the subject matter.

32. If the plaintiffs' injuries and/or damages were sustained as alleged in the plaintiffs' complaint, then pursuant to the aforesaid contracts and/or agreements, the third-party defendant, INTERPRO PMG. is obligated to defend, indemnify and hold harmless defendants and third-party plaintiffs pursuant to the terms, including all costs, disbursements and attorneys fees.

33. If the plaintiffs' injuries and/or damages were sustained as alleged in the plaintiffs' complaint, the defendants and third-party plaintiffs will be damaged and entitled to defense and indemnification from the third-party defendant, INTERPRO PMG including for the legal expenses and costs incurred in defending against the plaintiffs' claims.

**WHEREFORE**, the defendants and third-party plaintiffs, GILBERT S. LEDERMAN, M.D. and GILBERT S. LEDERMAN, M.D.P.C. demand judgment over and against the third-party defendants, REGENCY and INTERPRO PMG for an apportionment of damages, for contribution and/or for common law and/or contractual indemnification and for the costs,

disbursements and attorneys fees involved in connection with this action.

Dated: Staten Island, New York
October 27, 2010

Respectfully submitted,

TRACY & STILWELL, P.C.

By: /s/ John J. Tracy
JOHN J. TRACY
Attorneys for Defendants
GILBERT S. LEDERMAN and
GILBERT LEDERMAN, M.D., P.C.
1688 Victory Boulevard, 2nd Floor
Staten Island, New York 10314
Telephone No.: (718) 720-7000

TO:

LAURA D. MANTELL, ESQ. (LM-6767)
United States Attorney
Attorneys for Plaintiff
UNITED STATES
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201
Telephone No.: (718) 254-6253

RICHARD I. REICH, ESQ. (RIR-7522)
LIFFLANDER & REICH, LLP
Attorneys for Relator
ELIZABETH M. RYAN
1221 Avenue of the Americas
New York, New York 10020-1089
Telephone No.: (212) 332-8830

HERVE GOURAIGE, ESQ.
EPSTEIN BECKER GREEN
Attorneys for Defendant
STATEN ISLAND UNIVERSITY HOSPITAL
One Gateway Center
Newark, New Jersey 07102-5311
Telephone No.: (973) 642-1900