RE: UNITED STATES OF AMERICAN, ex rel. RYAN v. SIUH, LEDERMAN, ET AL.
Case No.: 04-CV-2483

Copy of Defendants' Answer

# EXHIBIT 2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
UNITED STATES OF AMERICA *ex rel.*      04 CV 2483 (JG) (CLP)
ELIZABETH RYAN,
                                                    **ANSWER**
                           Plaintiff,

        -against-

STATEN ISLAND UNIVERSITY HOSPITAL,
GILBERT S. LEDERMAN, GILBERT LEDERMAN,
M.D., P.C. and PHILIP JAY SILVERMAN,

                           Defendants.
----------------------------------------------------------------X

Defendants, GILBERT LEDERMAN and GILBERT LEDERMAN, M.D., P.C. (referred to collectively as the "LEDERMAN DEFENDANTS" by their attorneys, TRACY & STILWELL, P.C., for their answer and affirmative defenses to the complaint in intervention of plaintiff, UNITED STATES OF AMERICA, respectfully allege as follows:

### AS TO "INTRODUCTION"

1. Deny the allegations set forth in paragraph 1 of the complaint in intervention, deny that there is any basis for this action, and respectfully refer to the Court to the complaint in intervention for its full content and meaning. Insofar as the allegations in paragraph 1 state legal conclusions, no response is required.

2. With respect to paragraph 2 of the complaint in intervention, respectfully refer the Court to the complete text of the False Claims Act ("FCA") for its full content and meaning. Insofar as the allegations in paragraph 2 state legal conclusions, no response is required.

3. With respect to paragraph 3 of the complaint in intervention, admit that relator Elizabeth

1

M. Ryan filed this action under seal as a purported qui tam action, but deny there is any basis for the action, and respectfully refer the Court to relator's complaint for its full content and meaning.

4. Admit the allegations set forth in paragraph 4 of the complaint in intervention, except deny knowledge or information sufficient to form a belief as to the truth of the allegation that the Notice of Intervention was filed on or about February 19, 2008.

5. Deny the allegations set forth in paragraph 5 of the complaint in intervention.

## AS TO "JURISDICTION AND VENUE"

6. Deny the allegations set forth in paragraph 6 of the complaint in intervention and deny that there is any basis for this action, except admit that the United States purports to invoke this Court's jurisdiction as stated therein.

7. Deny the allegations set forth in paragraph 7 of the complaint in intervention, except admit that defendant, GILBERT LEDERMAN, resides in this district.

8. Deny the allegations set forth in paragraph 8 of the complaint in intervention, except admit that United States purports to base venue as stated.

## AS TO "PARTIES"

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the complaint in intervention, except admit that the United States is the plaintiff.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the complaint in intervention.

11. Deny the allegations set forth in paragraph 11 of the complaint in intervention, except admit that from 1987 until January, 2004 defendant, GILBERT LEDERMAN, was the director of

the Radiation Oncology department at Staten Island University Hospital, a hospital located in Staten Island, New York and that defendant, GILBERT LEDERMAN, is a resident of Staten Island, New York.

12. Admit that defendant, GILBERT LEDERMAN, M.D., P.C., was at all times relevant hereto a professional corporation owned exclusively by defendant, GILBERT LEDERMAN, and that GILBERT LEDERMAN, M.D., P.C., is incorporated under the Law of the State of New York, deny knowledge or information sufficient to form a belief as to the truth of the allegations that GILBERT LEDERMAN, M.D., P.C. billed Medicare for professional services that Gilbert S. Lederman and other radiation oncologists provided at Staten Island University Hospital and deny that defendants maintain its principal place of business at 227 East 19th Street, New York, New York.

## AS TO "BACKGROUND TO THE MEDICARE PROGRAM"

13. With respect to paragraph 13 of the complaint in intervention, respectfully refer the Court to the complete text of the statutes cited herein.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the complaint in intervention.

15. With respect to paragraph 15 of the complaint in intervention, respectfully refer the Court to the complete text of the statutes cited herein.

16. With respect to paragraph 16 of the complaint in intervention, respectfully refer the Court to the complete text of the statutes cited herein.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the complaint in intervention.

18. Deny knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph 18 of the complaint in intervention.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the complaint in intervention.

20. Deny the allegations contained in paragraph 20 of the complaint in intervention, except admit that the Lederman defendants must comply with applicable statutes, regulations and guidelines.

21. With respect to paragraph 21 of the complaint in intervention, respectfully refer the Court to the complete text of the statutes cited herein.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the complaint in intervention, except refer the Court to the complete text of forms.

23. Admit the allegations contained in paragraph 23 of the complaint in intervention.

24. With respect to paragraph 24 of the complaint in intervention, respectfully refer the Court to the complete text of forms.

25. . With respect to paragraph 25 of the complaint in intervention, respectfully refer the Court to the complete text of forms.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the complaint in intervention.

27. Deny the allegations contained in paragraph 27 of the complaint in intervention.

28. Deny the allegations contained in paragraph 28 of the complaint in intervention.

29. Deny the allegations contained in paragraph 29 of the complaint in intervention.

30. Deny the allegations contained in paragraph 30 of the complaint in intervention.

31. Deny the allegations contained in paragraph 31 of the complaint, except respectfully refers the Court LCD, code 61793 and CPT code 61793 code books.

## AS TO "FACTUAL BACKGROUND"

32. Admit the allegations contained in paragraph 32 of the complaint in intervention.

33. Deny the allegations contained in paragraph 33 of the complaint in intervention.

34. Deny the allegations contained in paragraph 34 of the complaint in intervention.

35. Deny the allegations contained in paragraph 35 of the complaint in intervention.

36. Deny the allegations contained in paragraph 36 of the complaint in intervention.

37. Deny the allegations contained in paragraph 37 of the complaint in intervention.

38. Deny the allegations contained in paragraph 38 of the complaint in intervention.

39. Deny the allegations contained in paragraph 39 of the complaint in intervention.

40. Deny the allegations contained in paragraph 40 of the complaint in intervention.

## AS TO FIRST CLAIM FOR RELIEF

The Lederman defendants, repeat, reiterate and reallege each and every allegation contained in paragraphs numbered 1 through 40 above as if more fully stated.

41. Deny the allegations contained in paragraph 41 of the complaint in intervention.

42. Deny the allegations contained in paragraph 42 of the complaint in intervention.

43. Deny the allegations contained in paragraph 43 of the complaint in intervention.

44. Deny the allegations contained in paragraph 44 of the complaint in intervention.

45. Deny the allegations contained in paragraph 45 of the complaint in intervention.

## AS TO SECOND CLAIM FOR RELIEF

The Lederman defendants, repeat, reiterate and reallege each and every allegation contained

in paragraphs numbered 1 through 45 above as if more fully stated.

46. Deny the allegations contained in paragraph 46 of the complaint in intervention.

47. Deny the allegations contained in paragraph 47 of the complaint in intervention

48. Deny the allegations contained in paragraph 48 of the complaint in intervention.

49. Deny the allegations contained in paragraph 49 of the complaint in intervention.

## AS TO THIRD CLAIM FOR RELIEF

The Lederman defendants, repeat, reiterate and reallege each and every allegation contained in paragraphs numbered 1 through 49 above as if more fully stated.

50. Deny the allegations contained in paragraph 50 of the complaint in intervention.

51. Deny the allegations contained in paragraph 51 of the complaint in intervention.

## AS TO FOURTH CLAIM FOR RELIEF

The Lederman defendants, repeat, reiterate and reallege each and every allegation contained in paragraphs numbered 1 through 51 above as if more fully stated.

52. Deny the allegations contained in paragraph 52 of the complaint in intervention.

53. Deny the allegations contained in paragraph 53 of the complaint in intervention.

54. Deny the allegations contained in paragraph 54 of the complaint in intervention.

55. Deny the allegations contained in paragraph 55 of the complaint in intervention.

56. Deny the allegations contained in paragraph 56 of the complaint in intervention.

57. Deny the allegations contained in paragraph 5 of the complaint in intervention.

## AFFIRMATIVE DEFENSES

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

58. The complaint in intervention, in whole and/or in part, fails to state a claim upon which

relief may granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

59. To the extent that any of the plaintiff's claims are based, in whole and/or in part, upon fraud, plaintiff has failed to plead such claims with the requisite particularity.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

60. Plaintiff's claims are barred, in whole and/or in part, by the doctrine of laches.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

61. Plaintiff's claims are barred, in whole and/or in part, by the doctrine of estoppel.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

62. Plaintiff's claims are barred, in whole and/or in part by the applicable statute of limitation.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

63. The Lederman defendants did not present or cause to be presented any false claim, record or statement to the United States.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

64. The sterotactic body radiosurgery treatment rendered by the Lederman defendants met all applicable standards, including the standard of medical necessity.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

65. The Lederman defendants did not engage in any "knowing" conduct within the meaning of 31 U.S.C. §3729(b).

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

66. At all relevant times, the Lederman defendants acted properly and in good faith, without

any improper or illegal purpose or intent.

67. Any certification that the Lederman defendants may have made to the United States on the CMS/HCFA 1500 Form was believed not to be false and did not violate FCA.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

68. An award of damages and/or penalties (if any) greater than any damages actually sustained by the United States would be unconstitutional because such an award of damages and/or penalties would violate the United States Constitution.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

69. Plaintiff's claims are barred in whole and/or in part by the doctrine of general release.

### AS AN FOR A TWELFTH AFFIRMATIVE DEFENSE

70. The Lederman defendants will rely upon such other and further defenses as may appear from discovery and the evidence.

### AS AND FOR A CROSS-CLAIM AGAINST THE CO-DEFENDANT STATEN ISLAND UNIVERSITY HOSPITAL AS TO THE THIRD AND FOURTH CLAIMS OF RELIEF

If plaintiffs were caused to sustain injuries and/or damages at the time and place set forth in the complaint through unjust enrichment, mistake of fact or carelessness, recklessness and/or negligence other than the plaintiffs' own, such damages were sustained in whole or in part by reason of the carelessness, recklessness and negligence and/or negligent acts of omission or commission of the co-defendant, its agents, servants and or employees. Further, if plaintiffs should recover judgment against these answering defendants, the co-defendant shall be liable to this defendant on the basis of apportionment of responsibility for the alleged occurrence and this defendant is entitled

8

to contribution from and judgment over and against co-defendant for all or part of any verdict or judgment which plaintiffs may recover in such amounts as a jury or court may direct. This defendant demands judgment dismissing the complaint herein as to the answering defendant, and further demands judgment over and against co-defendant for the amount of any judgment which may be obtained herein by plaintiffs against this answering defendant or in such amount as the court or jury may determine, together with the costs and disbursements of this action.

**WHEREFORE**, the Lederman defendants respectfully request judgment against the United States:

(a) dismissing the complaint in intervention in its entirety and awarding attorney's fees, costs and disbursements in favor of the Lederman defendants; and

(b) such other and further relief as this court may deem just and proper.

Dated: Staten Island, New York
October 30, 2008

TRACY & STILWELL, P.C.

By: /s/
JOHN J. TRACY
Attorneys for Defendants
GILBERT LEDERMAN and GILBERT LEDERMAN, M.D., P.C.
1688 Victory Boulevard
Staten Island, New York 10314
Tel. No.: (718) 720-7000
Email: jtracy@tracyandstilwell.com.

TO:
LAURA D. MANTELL, ESQ. (LM6767)
United States Attorney
Attorneys for Plaintiff
UNITED STATES
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201
Telephone No.: (718) 254-6253

RICHARD I. REICH, ESQ. (RIR-7522)
LIFFLANDER REICH & SMITH, LLP
Attorneys for Plaintiff
ELIZABETH M. RYAN
1221 Avenue of the Americas
New York, New York 10020-1089
Telephone No.: (212) 332-8830

Index No.     04 cv 2483

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA, *ex rel.*
ELIZABETH M. RYAN,

                  Plaintiffs,
  -against-

STATEN ISLAND UNIVERSITY HOSPITAL,
GILBERT S. LEDERMAN, GILBERT LEDERMAN,
M.D., P.C. and PHILIP JAY SILVERMAN,

                  Defendants.
------------------------------------------------------------------X
GILBERT S. LEDERMAN and GILBERT LEDERMAN,
M.D.P.C.,

                  Defendants/Third Party Plaintiffs,
  -against-

REGENCY ALLIANCE SERVICES, INC. and
PHYSICIANS MANAGEMENT GROUP, a Subsidiary
of INTERPRO MANAGEMENT, INC.,

                  Third-Party Defendants.
------------------------------------------------------------------X

# THIRD PARTY COMPLAINT

**TRACY & STILWELL, P.C.**
**ATTORNEY AT LAW**
*Attorneys for DEFENDANTS AND THIRD PARTY PLAINTIFFS*

***GILBERT S. LEDERMAN and GILBERT LEDERMAN, M.D., P.C.***

*Office and Post Office Address, Telephone*
**1688 Victory Boulevard
Staten Island, New York 10007
Telephone No.: (718) 720-7000
Facsimile No.: (718) 442-0552**

To

Attorney(s) for Defendants

Service of a copy of the within                                       is hereby admitted.

Dated,